UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBIN SHELTON,  :
      Plaintiff,  :
        :
      v.  :    C.A. No. 16-249M
        :
NANCY A. BERRYHILL, ACTING  :
COMMISSIONER OF SOCIAL SECURITY,  :
      Defendant.  :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    This matter is before the Court on Plaintiff's motion to reverse the Commissioner's decision denying Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3) (the "Act"). Plaintiff's motion contends that the foundational finding by the administrative law judge ("ALJ") that Plaintiff's job as a cleaner constituted "past relevant work" was tainted by error because the evidence permits the inference that her work as a cleaner was part-time and therefore was performed below the applicable substantial gainful activity ("SGA") level. Defendant Nancy A. Berryhill ("Defendant") has filed a motion for an order affirming the Commissioner's decision.

    The matter has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Although the record contains inconsistent evidence regarding whether Plaintiff worked full-time or part-time as a cleaner, I find that the ALJ's "past relevant work" finding was adequately supported by substantial evidence, as well as that Plaintiff's failure to challenge the finding during the hearing before the ALJ amounts to a waiver of her right to raise it now. Therefore, I recommend that Plaintiff's Motion to Reverse

the Decision of the Commissioner (ECF No. 11) be DENIED and Defendant's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 12) be GRANTED.

## I. Background

This case presents a single, narrow issue: whether Plaintiff's work as a cleaner qualified as "past relevant work" that was performed at an SGA level. The evidence establishes that Plaintiff worked as a cleaner at Colonial Manor Assisted Living Inc. in 2010 and 2011. Tr. 224-25. In the Work History Report filed in connection with this application in March 2013, Plaintiff identified this job as "attendant, cleaning"; critically for purposes of this appeal, she clearly indicated (in her own handwriting) that she began working at this job in October 2010. Tr. 256. The Detailed Earnings Query in the record reflects that this was the only job for which Plaintiff received any income in 2010; based on her reported income of $5031.26 in 2010, the inference is permitted that Plaintiff earned $1677 for each of the three months she worked during 2010, which is above the applicable SGA level of $1000 per month. See Tr. 219.

During the hearing before the ALJ, Plaintiff was asked, "[w]hat was your job at Colonial Manor?" Tr. 47. She responded that she worked the third shift and described how onerous the work was. Tr. 47-48. She did not mention or suggest that the work was part time. Later in the hearing, the ALJ called a vocational expert ("VE") to testify. Tr. 72. The first substantive question asked of the VE was what is "the past work." Tr. 73. The VE identified the work at the Colonial Manor as a cleaner as well as other jobs Plaintiff had held earlier in her working life. Id. As the ALJ worked through a series of hypotheticals, the VE consistently testified that the identified limitations would permit the past work as a cleaner. Tr. 74-76. With the VE's testimony that past relevant work as a cleaner remained available, the ALJ did not ask the VE to

2

opine on other work that Plaintiff would be able to perform. The ALJ offered Plaintiff's attorney the opportunity to cross examine the VE and she responded, "No cross." Tr. 78.

The ALJ relied on this testimony in his decision. Based on his RFC[1] finding (which Plaintiff does not challenge), at Step Four, he found that cleaning constituted past relevant work in that it was "performed for a period of time and for wages considered indicative of substantial gainful activity . . . performed within the last 15 years." Tr. 29. Based on this finding, he concluded that Plaintiff remained capable of performing her past relevant work as a cleaner and therefore was not disabled. Id.

Plaintiff now points to inconsistent evidence regarding whether cleaning was performed at SGA levels. Specifically, a week before she submitted the Work History Report permitting the inference that cleaning was performed at SGA levels, Plaintiff provided her Disability Report, which includes a Job History section. Tr. 245. In this report, she indicated that she had worked at "cleaning . . . assisted living" from 2006 until April 2, 2011,[2] and that she had performed this job only two days per week. Id.; see also Tr. 262 (in same report, Plaintiff indicates that she worked "16" days per week as cleaner; which she argues should be interpreted as two days per week). If this report is taken literally as meaning that Plaintiff worked for all of 2010 at Colonial Manor, given that she earned only a total of $5031.26 during 2010, a fact finder would infer that her earnings as a cleaner fall well below that SGA level. This inference is

---

[1] "RFC" refers to Plaintiff's residual functional capacity, which means "the most you can still do despite your limitations," taking into account "[y]our impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what you can do in a work setting." 20 C.F.R. § 404.1545(a)(1).

[2] As the Commissioner points out, Plaintiff's statement that she worked at "cleaning" from 2006 until April 2011 is contradicted by the Unemployment Query in the record. That report establishes that Plaintiff worked for an elder care entity called Home Instead Senior Care in 2008 and 2009; in her Work History Report, she describes this job as "elderly care," although one of the tasks was cleaning. Tr. 224-26, 256, 261. However, the Unemployment Query also reflects employment in 2006 and 2007 that does not involve cleaning at all. Tr. 227-29. Consistent with the Work History Report on which the ALJ relied, and inconsistent with the Disability Report, the Unemployment Query also confirms that the cleaning job at Colonial Manor was limited to 2010 and 2011. Tr. 224-25.

3

confirmed by her statement in this report that she worked at the cleaning job only two days per week. See Tr. 245.

## II.     Issues Presented

Based on the evidence permitting the inference it was performed below the applicable SGA, Plaintiff argues that the ALJ erred in finding that Plaintiff's job as a cleaner constituted past relevant work.

## III.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – that is, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981); Brown v. Apfel, 71 F. Supp. 2d 28, 30 (D.R.I. 1999). Once the Court concludes that the decision is supported by substantial evidence, the Commissioner must be affirmed, even if the Court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); see also Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991); Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981).

The determination of substantiality is based upon an evaluation of the record as a whole. Brown, 71 F. Supp. 2d at 30; see also Frustaglia v. Sec'y of Health & Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). Thus, the Court's role in reviewing the Commissioner's decision is limited. Brown, 71 F. Supp. 2d at 30.

The Court does not reinterpret the evidence or otherwise substitute its own judgment for that of the Commissioner. Id. at 30-31 (citing Colon v. Sec'y of Health & Human Servs., 877 F.2d 148, 153 (1st Cir. 1989)). "[T]he resolution of conflicts in the evidence is for the Commissioner, not the courts." Id. at 31 (citing Richardson v. Perales, 402 U.S. 389, 399 (1971)). A claimant's complaints alone cannot provide a basis for entitlement when they are not supported by medical evidence. See Avery v. Sec'y of Health & Human Servs., 797 F.2d 19, 20-21 (1st Cir. 1986); 20 C.F.R. § 404.1529(a).

The Court must reverse the ALJ's decision if the ALJ applied incorrect law or failed to provide the Court with sufficient reasoning to determine that the law was applied properly. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir. 1991). Remand is unnecessary when the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) (citing Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985)). The Court may remand a case to the Commissioner for a rehearing under Sentence Four of 42 U.S.C. § 405(g); under Sentence Six of 42 U.S.C. § 405(g); or under both sentences. Jackson v. Chater, 99 F.3d 1086, 1097-98 (11th Cir. 1996). To remand under Sentence Four, the Court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Seavey, 276 F.3d at 9; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

**IV.    Disability Determination**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

5

death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 416(I); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-1511.

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. § 404.1520. First, if a claimant is working at a substantial gainful activity, the claimant is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments that significantly limit physical or mental ability to do basic work activities, then the claimant does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Appendix 1, the claimant is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent doing past relevant work, the claimant is not disabled. 20 C.F.R. § 404.1520(e)-(f). Fifth, if a claimant's impairments (considering RFC, age, education and past work) prevent doing other work that exists in the local or national economy, a finding of disabled is warranted. 20 C.F.R. § 404.1520(g). Significantly, the claimant bears the burden of proof at Steps One through Four, but the Commissioner bears the burden at Step Five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five step process applies to both DIB and SSI claims).

At Step Four, the ALJ must determine if the claimant's RFC permits her to return to past relevant work. 20 C.F.R. § 404.1520(f). "Past relevant work is work that [the claimant] ha[s] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1). Substantial gainful activity (SGA) is work activity that is both substantial and gainful. 20 C.F.R. § 404.1572. Work is

"substantial" if it "involves doing significant physical or mental activities," and it is "gainful" if it is "the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(a), (b). The guidelines for determining the average monthly earnings that will "ordinarily show that [a claimant] has engaged in substantial gainful activity" varies by year. 20 C.F.R. § 404.1574(b); see Program Operations Manual System ("POMS") § DI 10501.015(B) (available at https://secure.ssa.gov/poms.nsf/lnx/0410501015). For 2010, the relevant earnings threshold was $1000 per month. See POMS § DI 10501.015(B).

V.  **Analysis**

Plaintiff argues that the conflicting evidence regarding her work history and earnings record, some of which permits the inference that "cleaning" did not rise to the level of "past relevant work," requires remand for reconsideration of this finding. In support of this argument, she points out that the ALJ failed specifically to ask her how many months she worked as a cleaner in 2010. She argues that the record does not otherwise clearly indicate how many months she worked in 2010, leaving the ALJ without substantial evidence to support this pivotal finding.[3]

The fatal flaw in Plaintiff's argument is that the ALJ did have substantial evidence in the record to support his finding. In her Work History Report, Plaintiff wrote – in her own hand – that her job as an "attendant, cleaning" began in October 2010. Tr. 256. Her description of that work clearly corresponds to the work she described at Colonial Manor, which is the only

---

[3] The parties dispute whether Plaintiff's limited education, advanced age and lack of transferable skills would mandate a Grid-based finding of disability if the analysis had proceeded to Step Five. The Commissioner also does not concede that additional factual development would establish that Plaintiff's prior work as a cleaner did not rise to the level of "past relevant work." She points out that a detailed analysis of the conflicting information Plaintiff provided permits the conclusion that the Disability Report conflates two different jobs in that the Unemployment Query in the record indicates that Plaintiff did some cleaning in connection with elder care for an entity called Home Instead Senior Care of Rhode Island in 2008 and 2009, and did not work for Colonial Manor until 2010. Tr. 224-26; see n.2 *supra*.

employer listed for 2010.  Compare Tr. 47, with Tr. 262; see Tr. 224.  And when the ALJ asked her "[w]hat was your job at Colonial Manor," she told him she worked the "third shift" and described the work as arduous and physically and emotionally challenging for her.  Tr. 47-48 ("I would clean through the night.").  She never stated that the job was part-time, only two days a week – nor did her attorney seek to clarify, leaving the ALJ with a record that permits the inference that she was describing work based on a normal third shift schedule, consistent with the Work History Report.[4]  This is more than sufficient to constitute substantial evidence demonstrating that, during 2010, Plaintiff worked at Colonial Manor for three months and averaged earnings of $1677.09 per month, which is above the SGA level, as the ALJ found.  Baez Velez v. Sec'y of Health & Human Servs., 993 F.2d 1530, 1993 WL 177139, at *7 (1st Cir. May 27, 1993) ("Where the facts permit diverse inferences, we will affirm the [Commissioner] so long as the inferences drawn are supported by the evidence.") (citing Rodriguez Pagan, 819 F.2d at 3).  Accordingly, this Court must affirm his decision.

Alternatively and equally compelling is Plaintiff's waiver of the argument she now makes.  The record is clear that, at a hearing at which Plaintiff was represented by counsel, the ALJ was explicit in laying out his "past relevant work" finding and in identifying the evidence on which the finding was based; he did so at the outset of his examination of the VE.[5]  Tr. 50 ("[A]s far as the past work, we are looking at the cleaner position, the cashier position and then these customer service positions.  I think they are described in the record at Exhibit 3E [the Work History Report] . . . .").  As the Commissioner correctly points out, Plaintiff remained silent even

---

[4] The cover page of the Work History Report unambiguously advises claimants that the information provided on the form will be "used by the office that makes the disability decision on your disability claim."  Tr. 255.

[5] Nor can Plaintiff argue that she was not expecting this finding – the denial of reconsideration during the administrative proceedings was based on the finding that "[y]our . . . limitations do not prevent you from performing work you have done in the past as a cleaning person."  Tr. 121, 139.

8

though the burden of proof at Step Four rests on her. More significant is the reality that the fact that she now argues is accurate – that the cleaning work was part-time – is information that was uniquely within her control, yet she did not raise any objection or seek to clarify but rather gave testimony that appeared to confirm that cleaning had been full time. See Tr. 47. Based on the foregoing, the Court finds that the challenge she now raises is waived by her silence in the face of the ALJ's obvious reliance on her Work History Report and her testimony about the work ("third shift"), which permitted the inference that it was full time. Mills v. Apfel, 244 F.3d 1, 8 (1st Cir. 2001) (waiver affirmed where ALJ stopped at step four based on lack of challenge to finding that claimant could return to old jobs); Edwards v. Sec'y of Health & Human Servs., 34 F.3d 1065, 1994 WL 481140, at *3 (1st Cir. Sept. 2, 1994) (per curiam) (unpublished table opinion) (no unfairness in applying the "ordinary rule that appellate courts will not consider issues not raised below"); Gould v. Colvin, C.A. No. 16-004S, 2017 WL 979026, at *8 (D.R.I. Jan. 25, 2017), adopted sub nom. Gould v. Berryhill, C.A. No. 16-04 S, 2017 WL 963185 (D.R.I. Mar. 13, 2017) (silence in face of ALJ's reliance on finding waives issue).

## VI.   Conclusion

Based on the foregoing analysis, I recommend that Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 11) be DENIED and Defendant's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 12) be GRANTED. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.

9

See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 19, 2017